IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERVICIOS COMERCIALES LAMOSA, S.A. DE C.V. and REVESTIMIENTOS PORCELANITE, S.A. DE CV, <br>     Plaintiffs, <br><br> v. <br><br> MAURICIO DE LA ROSA, MT GROUP REAL ESTATE LLC, MT TRADING LLC, and MUNDO TILE, LTD., <br>     Defendants. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 3:16-cv-00054 |

## **ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW Plaintiffs Servicios Comerciales Lamosa, S.A. de C.V. and Revestimentos Porcelanite, S.A. de C.V. (collectively "Plaintiffs") and file this Original Complaint against Mauricio de la Rosa, MT Group Real Estate LLC, MT Trading LLC, and Mundo Tile, Ltd. (collectively, "Defendants"), and for cause of action would show the Court as follows:

### I.  PARTIES

1.  Plaintiff Servicios Comerciales Lamosa, S.A. de C.V. ("Lamosa") is a foreign corporation organized under the laws of Mexico. Lamosa maintains its principal place of business in Mexico City, Mexico.

2.  Plaintiff Revestimentos Porcelanite, S.A. de C.V. ("Porcelanite") is a foreign corporation organized under the laws of Mexico. Porcelanite maintains its principal place of business in Mexico City, Mexico.

3.	Defendant Mauricio de la Rosa is a resident of the State of Texas. Mr. de la Rosa may be served with summons at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found.

4.	Defendant MT Trading LLC is a limited liability company organized under the laws of the State of Texas, and maintains its principal place of business in Dallas, Texas. It may be served through its registered agent, MT Group Mgt LLC, whose representative Mauricio de la Rosa may be served at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found. Upon information and belief, all members of MT Trading LLC are residents of the State of Texas and/or citizens of the United States.

5.	Defendant MT Group Real Estate LLC is a limited liability company organized under the laws of the State of Texas, and maintains its principal place of business in Dallas, Texas. It may be served through its registered agent, Mauricio de la Rosa at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found. Upon information and belief, all members of MT Group Real Estate LLC are residents of the State of Texas and/or citizens of the United States.

6.	Defendant Mundo Tile, Ltd. is a corporation organized under the laws of the State of Texas, and maintains its principal place of business in Dallas, Texas. It may be served through its registered agent, Mauricio de la Rosa at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found.

## II.	VENUE AND JURISDICTION

7.	This Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 because Plaintiffs are non-U.S. citizens and Defendants are citizens of the United States and residents of the State of Texas, and the amount in controversy exceeds $75,000.00, exclusive of interest and

costs. This Court has venue over this case pursuant to 28 U.S.C. § 1391(b) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

### III.     FACTUAL BACKGROUND

8. On or about July 24, 2012, Defendants Mauricio de la Rosa, Mundo Tile, Ltd., and MT Trading LLC (collectively, "the 2012 Debtors") executed the following promissory notes:

   a. A Revolving Promissory Note in the amount of $340,000.00 in favor of Lamosa;
   b. A Negotiable Promissory Note in the amount of $289,813.00 in favor of Lamosa; and
   c. A Negotiable Promissory Note in the amount of $1,233.871.00 in favor of Porcelanite.

(collectively, the "2012 Notes").

9. The 2012 Notes were secured by two separate deeds of trust, respectively made in favor of Lamosa and Porcelanite.

10. In addition, at that same time Mauricio de la Rosa also executed a Guaranty Agreement in which he personally guaranteed all "indebtedness, financial commitments or other obligations" of the 2012 Debtors, "[then] existing or [there]after incurred," to include, but not limited to, the 2012 Notes.

11. Subsequently, on May 30, 2014, the 2012 Debtors and Defendant MT Group Real Estate LLC executed the following promissory notes:

   a. A Negotiable Promissory Note in the amount of $225,000.00 in favor of Lamosa; and
   b. A Negotiable Promissory Note in the amount of $225,000.00 in favor of Porcelanite.

(collectively, the "2014 Notes").

12. By mid-2013, all of the 2012 Notes had matured.

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                                                           Page 3

15359189v.2 139289/00007

13. The 2012 Debtors defaulted by failing to make payments as required pursuant to the terms of the 2012 Notes.

14. The principal balance due Lamosa on the 2012 Notes is $623,264.00 plus $171,984.00 in accrued finance charges as of January 5, 2016, totaling $795,212.00 after all just and lawful offsets, credits, and payments have been allowed.

15. The principal balance due Porcelanite on the 2012 Notes is $1,180,294.00 plus $448,853 in accrued finance charges as of January 5, 2016, totaling $1,629,147.00 after all just and lawful offsets, credits, and payments have been allowed.

16. The 2014 Notes matured in 2014.

17. Defendants defaulted by failing to make payments as required pursuant to the terms of the 2014 Notes.

18. The principal balance due Lamosa on the 2014 Notes is $225,000.00 plus $58,838.00 in accrued finance charges as of January 5, 2016, totaling $283,838.00 after all just and lawful offsets, credits, and payments have been allowed.

19. The principal balance due Porcelanite on the 2014 Notes is $225,000.00 plus $58,838.00 in accrued finance charges as of January 5, 2016, totaling $283,838.00 after all just and lawful offsets, credits, and payments have been allowed.

20. Plaintiffs hereby seek to recover the outstanding debt incurred by means of the above-mentioned instruments which, as of January 5, 2016 totaled $2,992,035.00.

21. Plaintiffs have demanded that Defendants pay such debt, but to date Defendants have failed and refused to remit payment of the amounts owed.

## IV. BREACH OF CONTRACT

22. All previous paragraphs are incorporated herein by reference.

23. Despite demand, the 2012 Debtors have failed to make payment as required under the terms of the 2012 Notes, and in so doing materially breached the terms of those agreements. Accordingly, Lamosa and Porcelanite hereby sue the 2012 Debtors for breach of the 2012 Notes and seek judgment in an amount in excess of the minimum jurisdictional limits of this Court.

24. Despite demand, all Defendants have failed to make payment as required under the terms of the 2014 Notes, and in so doing materially breached the terms of those agreements. Accordingly, Lamosa and Porcelanite hereby sue all Defendants for breach of the 2014 Notes and seek judgment in an amount in excess of the minimum jurisdictional limits of this Court

25. Despite demand, Mauricio de la Rosa has failed to make payment as also required under the terms of the Guaranty Agreement executed July 24, 2012, and in so doing materially breached the terms of that agreement. Accordingly, Lamosa and Porcelanite hereby also sue Mauricio de la Rosa for breach of the Guaranty Agreement and seek judgment in an amount in excess of the minimum jurisdictional limits of this Court.

26. All conditions precedent to recovery have been satisfied.

## V.   FORECLOSURE OF DEEDS OF TRUST

27. All previous paragraphs are incorporated herein by reference.

28. Through two separate deeds of trust, the 2012 Debtors pledged real property in satisfaction of then-existing and future indebtedness and obligations to Lamosa and Porcelanite. Accordingly, Lamosa and Porcelanite hereby sue the 2012 Debtors and seek to foreclose upon the deeds of trust and seek a determination that they hold title in the property pledged by the 2012 Debtors as security for the debts incurred through the 2012 Notes.

## VI.   DAMAGES

29. All previous paragraphs are incorporated herein by reference.

30. The indebtedness owed to Lamosa and Porcelanite by Defendants exceeds the minimum jurisdictional limits of this Court.

31. As of January 5, 2016, the total amount due and owing to Lamosa by the 2012 Debtors under the 2012 Notes is $795,212.00, which comprises $623,264.00 in past due payments plus $171,948.00 in accrued finance charges.

32. As of January 5, 2016, the total amount due and owing to Porcelanite by the 2012 Debtors under the 2012 Notes is $1,629,147.00, which comprises $1,180,294.00 in past due payments plus $448,853.00 in accrued finance charges.

33. As of January 5, 2016, the total amount due and owing to Lamosa by the Defendants under the 2014 Notes is $283,838.00, which comprises $225,000.00 in past due payments plus $58,838.00 in accrued finance charges.

34. As of January 5, 2016, the total amount due and owing to Porcelanite by the Defendants under the 2014 Notes is $283,838.00, which comprises $225,000.00 in past due payments plus $58,838.00 in accrued finance charges.

35. Lamosa and Porcelanite expressly do not waive any of their rights and remedies, including, without limitation, their rights and remedies relating to any collateral that secures the indebtedness owed to them.

### VII.   ATTORNEYS' FEES

36. As a result of Defendants' failure to pay all amounts due and owing under the 2012 Notes and the 2014 Notes, Lamosa and Porcelanite were required to retain the services of the undersigned attorneys to enforce its rights to collect the monies due and owing. Lamosa and Porcelanite have agreed to pay the undersigned attorneys a reasonable fee and reimburse their reasonable expenses and costs. Pursuant to the terms of the 2012 Notes and the 2014 Notes, as

well as Texas Civil Practice and Remedies Code Section 38.001(8), Plaintiffs are entitled to recover their reasonable and necessary attorneys' fees.

## PRAYER

WHEREFORE, Lamosa and Porcelanite respectfully pray that Defendants be cited to appear and answer herein, and that upon final hearing hereof, a judgment be entered as follows:

1. against the 2012 Debtors in favor of Lamosa and Porcelanite for all unpaid amounts due and owing pursuant to the 2012 Notes;

2. against Defendants in favor of Lamosa and Porcelanite for all unpaid amounts due and owing pursuant to the 2014 Notes;

3. all lawful pre-judgment interest due pursuant to the 2012 Notes and the 2014 Notes until the day the judgment is rendered herein;

4. all lawful post-judgment interest on the foregoing amounts at the highest rate allowed by the laws of the state of Texas;

5. foreclosing upon the deeds of trust offered to secure unpaid amounts due and owing to Lamosa and Porcelanite;

6. all reasonable attorneys' fees and post-judgment interest on such attorneys' fees at the highest rate allowed by the laws of the state of Texas, and all reasonable attorneys' fees to be incurred by Lamosa or Porcelanite in responding to any appeal proceedings instituted by Defendants, including all costs and expenses related to all such appeal proceedings;

7. all costs of court incurred in connection with this lawsuit; and

8. all additional and further relief, general and special, at law or in equity, to which Lamosa and Porcelanite may show themselves to be justly entitled.

Dated this 8th day of January 2016.

Respectfully submitted,

JACKSON WALKER L.L.P.
112 East Pecan Street, Suite 2400
San Antonio, Texas 78205
(210) 978-7700 (Telephone)
(210) 978-7790 (Facsimile)


By: /s/ Matthew E. Vandenberg
    Matthew E. Vandenberg
    Texas State Bar No. 24079501

**ATTORNEYS FOR PLAINTIFFS**