IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SERVICIOS COMERCIALES LAMOSA, S.A. DE C.V. and REVESTIMIENTOS PORCELANITE, S.A. DE C.V.,** § § § § § § | | |
| Plaintiffs, § § | | |
| v. § | Civil Action No. **3:16-CV-54-L** | |
| **MAURICIO DE LA ROSA; MUNDO TILE LTD.; MT TRADING LLC; and MT GROUP REAL ESTATE LLC;** § § § § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff Revestimientos Porcelanite, S.A. de C.V.'s Motion for Summary Judgment (Doc. 47), filed April 17, 2017; Plaintiff Servicios Comerciales Lamosa, S.A. de C.V.'s Motion for Summary Judgment (Doc. 50), filed April 17, 2017; Plaintiffs' Motion to Exclude the Opinion Testimony of Defendant Mauricio De la Rosa (Doc. 53), filed April 17, 2017; and Plaintiffs' Motion to Strike Jury Demand (Doc. 76), filed October 15, 2017. Upon reviewing the Original Complaint ("Complaint") (Doc. 1), the court *sua sponte* **concludes** that Plaintiffs Servicios Comerciales Lamosa, S.A. de C.V. ("Lamosa") and Revestimentos Porcelanite, S.A. de C.V. ("Porcelanite") (collectively, "Plaintiffs") have failed to establish that this court has subject matter jurisdiction over this action and, accordingly, in the exercise of its discretion, will allow Plaintiffs to file an amended pleading and will deny without prejudice all pending motions.

## I.

On January 8, 2016, Plaintiffs brought this action against Defendants Mauricio de la Rosa ("Mr. de la Rosa"), MT Trading LLC, MT Group Real Estate LLC, and Mundo Tile, Ltd. (collectively, "Defendants"). Plaintiffs seek recovery of approximately $3 million in damages from Defendants for breach of contract claims arising from promissory notes and guaranties that Defendants executed in favor of Plaintiffs but have not paid. Defendants deny Plaintiffs' entitlement to recover under the promissory notes and guaranties and have asserted affirmative defenses of fraud, fraudulent inducement, and offset, as well as various counterclaims.

In the Complaint, Plaintiffs assert that this court has subject matter jurisdiction "over this lawsuit pursuant to 28 U.S.C. § 1332 because Plaintiffs are non-U.S. citizens and Defendants are citizens of the United States and residents of the State of Texas, and the amount in controversy exceeds $75,000, exclusive of interest and costs." Compl. ¶ 7. With respect to the citizenship of the parties, Plaintiffs assert the following:

1. Plaintiff Servicios Comerciales Lamosa, S.A. de C.V. ("Lamosa") is a foreign corporation organized under the laws of Mexico. Lamosa maintains its principal place of business in Mexico City, Mexico.

2. Plaintiff Revestimientos Porcelanite, S.A. de C.V. ("Porcelanite") is a foreign corporation organized under the laws of Mexico. Porcelanite maintains its principal place of business in Mexico City, Mexico.

3. Defendant Mauricio de la Rosa is a resident of the State of Texas. Mr. de la Rosa may be served with summons at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found.

4. Defendant MT Trading LLC is a limited liability company organized under the laws of the State of Texas, and maintains its principal place of business in Dallas, Texas. It may be served through its registered agent, MT Group Mgt LLC, whose representative Mauricio de la Rosa may be served at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found. Upon information and belief, all members of MT Trading LLC are residents of the State of Texas and/or citizens of the United States.

> 5. Defendant MT Group Real Estate LLC is a limited liability company organized under the laws of the State of Texas, and maintains its principal place of business in Dallas, Texas. It may be served through its registered agent, Mauricio de la Rosa, at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found. Upon information and belief, all members of MT Group Real Estate LLC are residents of the State of Texas and/or citizens of the United States.
>
> 6. Defendant Mundo Tile, Ltd. is a corporation organized under the laws of the State of Texas, and maintains its principal place of business in Dallas, Texas. It may be served through its registered agent, Mauricio de la Rosa, at 890 Regal Row, Dallas, Texas 75247 or wherever he may be found.

Compl. ¶¶ 1-6.

Based on the allegations of the Complaint, for the reasons stated herein, the court determines that Plaintiffs have not set forth sufficient allegations for the court to determine whether complete diversity exists between the parties. Accordingly, the court will confine its analysis to this issue, as the pending motions cannot be addressed until the court is satisfied that it has subject matter jurisdiction over this dispute.

## II.

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast*

*Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)).

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity

purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The citizenship of a limited liability company ("LLC") "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citations omitted). The citizenship of a partnership or unincorporated association is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

"The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). Accordingly, if a case is initially filed in federal court, the burden rests with the plaintiff to establish that the case "arises under" federal law, or that diversity exists and that the amount in controversy exceeds the jurisdictional threshold.

### III.

Plaintiffs assert that subject matter jurisdiction is based on 28 U.S.C. § 1332. Plaintiffs do not specify the specific part of section 1332 upon which they rely. Given the allegation that Plaintiffs are foreign corporations, the court assumes that Plaintiffs are basing subject matter jurisdiction on 28 U.S.C. § 1332(a)(2), giving district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of $75,000, exclusive of interest and costs, and is between:

> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who

are lawfully admitted for permanent residence in the United States and are domiciled in the same State[.]

28 U.S.C.A. § 1332(a)(2). The requirement of complete diversity applies to actions asserting diversity jurisdiction under section 1332(a)(2). *Vantage Drilling Co. v. Hsin Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *see also Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 355 (5th Cir. 1985) (holding that jurisdiction may not be invoked in "a suit initiated by two alien corporations against two defendants, one of whom is an alien corporation").

First, with respect to Mr. de la Rosa, Plaintiffs allege he is a "resident of the State of Texas." Compl. ¶ 3. As already noted, a natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman*, 754 F.2d at 555-56. "'Citizenship' and 'residence' are not synonymous." *Parker*, 59 U.S. at 141. "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, 485 F.3d at 799 (citation and quotation marks omitted). Whether a person is a resident of a particular state is quite beside the point and does nothing to establish diversity.

Second, with respect to Defendants MT Trading LLC and MT Group Real Estate LLC, Plaintiffs allege each is a limited liability company organized under the laws of the State of Texas, and each maintains its principal place of business in Dallas, Texas. Compl. ¶¶ 4, 5. Plaintiffs also allege "[u]pon information and belief," that all members of MT Trading LLC and MT Group Real Estate LLC "are residents of the State of Texas and/or citizens of the United States." *Id.* As previously stated, a limited liability company is a citizen of every state in which all of its members are citizens. *Harvey,* 542 F.3d at 1080. The state of organization and principal place of business are irrelevant insofar as determining the citizenship of a limited liability company. What must be set forth are the names of each member of the limited liability

company and the citizenship of each member. If one of members is an alien or a United States citizen domiciled abroad, then the court would not have jurisdiction over the case under 28 U.S.C.§ 1332(a)(2).

Third, insofar as Plaintiffs allege "[u]pon information and belief" that the members of the limited liability company Defendants are "residents of Texas," this pleading is inadequate, "since citizenship must be distinctly and affirmatively alleged." *See Getty Oil*, 841 F.2d at 1259 (holding that allegation that defendant was not a citizen of particular states did not establish citizenship for diversity purposes, "since citizenship must be distinctly and affirmatively alleged.") (original emphasis) (internal quotation marks and citations omitted); *see also Illinois Cent. Gulf R.R. Co.*, 706 F.2d at 636 & n.2 (holding that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *Pennie v. Obama*, 255 F. Supp. 3d 648, 671 (N.D. Tex. 2017) (Lindsay, J.), *appeal dismissed sub nom. Klayman v. Obama*, No. 17-10653, 2017 WL 6343520 (5th Cir. Nov. 14, 2017) (holding that allegations pertaining to the citizenship made "[o]n information and belief," were inadequate "since citizenship must be distinctly and affirmatively alleged.") (citations omitted); *Philadelphia Indem. Ins. Co. v. Episcopal Diocese of Ft. Worth*, 2011 WL 3510848, at *2 (N.D. Tex. Aug. 10, 2011) (Fitzwater, C.J.) (citing *Getty Oil*, 841 F.2d at 1259) ("It is improper to allege diversity of citizenship without distinctly and affirmatively alleging the citizenship of each party."). In addition, as previously stated, the assertion that a member of a limited liability company is a "resident" of a particular state is not the pertinent inquiry. "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston*, 485 F.3d at 799 (citation and quotation marks omitted).

Fourth, with regard to Defendant Mundo Tile, Ltd., Plaintiffs assert it "is a corporation organized under the laws of the State of Texas, and maintains its principal place of business in

Dallas, Texas." Compl. ¶ 6. Defendant Mundo Tile, Ltd. is a limited partnership. The citizenship of a partnership or unincorporated association is determined by the citizenship of each of its partners. *Carden*, 494 U.S. at 195-96. Allegations as to the principal place of business are not germane to determining the citizenship of a limited partnership.

In light of the insufficient allegations made by Plaintiffs with respect to the citizenship of the parties to this litigation, the court is unable to ascertain whether it has subject matter jurisdiction under 28 U.S.C. § 1332(a)(2). Although this action has been pending for over a year, the issue of subject matter jurisdiction needs to be resolved before this action proceeds. Neither the ends of justice nor the rights of the parties are served if at some later time the appellate court were to hold that this court did not have subject matter jurisdiction over this action.

## IV.

Rather than dismiss this action, the court **directs** Plaintiffs to file an amended complaint addressing the jurisdictional pleading defects identified by the court. The deadline to file an amended complaint is **Friday, April 20, 2018.** If Plaintiffs fail to comply with this order, the action is subject to dismissal for lack of subject matter jurisdiction. As it is incumbent upon the court to resolve any doubts about its subject matter jurisdiction, one way or the other, before proceeding to a disposition of the merits, the court **denies without prejudice** Plaintiff Revestimientos Porcelanite, S.A. de C.V.'s Motion for Summary Judgment (Doc. 47); Plaintiff Servicios Comerciales Lamosa, S.A. de C.V.'s Motion for Summary Judgment (Doc. 50); Plaintiffs' Motion to Exclude the Opinion Testimony of Defendant Mauricio De la Rosa (Doc. 53); and Plaintiffs' Motion to Strike Jury Demand (Doc. 76). In the event Plaintiffs are able to satisfy the court that it has subject matter jurisdiction over this dispute, these motions may be refiled electronically without alteration and will be given priority on the court's civil docket.

**Memorandum Opinion and Order - Page 8**

**It is so ordered** this 29th day of March, 2018.

_____
Sam A. Lindsay
United States District Judge